GOLDING BROS. CO., INC. v. UNITED STATES

**No. 5196.**—Invoices dated Lauwe, Belgium, December 27, December 31, 1937.
Certified December 29, 1937, January 6, 1938.
Entered at New York January 14, January 18, 1938.
Entry Nos. 102960, 103279.

## Third Division, Appellate Term

(Decided April 7, 1941)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the appellant.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellee.

Before CLINE, TILSON, and WALKER, Judges

CLINE, Judge: This is an application for review of the decision of the trial court in *Golding Bros. Co., Inc.* v. *United States*, Reap. Dec. 4929. The merchandise under reappraisement consists of mattress tickings imported from Belgium. The invoice covered by No. 133136–A was certified on December 29, 1937, and that covered by No. 133137–A was certified on January 6, 1938.

Some of the qualities are appraised in United States currency and others in British or Belgian currency. It appears that the items which were appraised in United States currency were on the basis of United States value while the others were on the basis of foreign value. At the trial counsel for the plaintiff limited his claim to the qualities which were appraised on the basis of United States value, claiming that appraisal should have been on the basis of export value at the invoice prices.

The plaintiff introduced two affidavits at the trial below. Exhibit 1 relates specifically to the shipment covered by No. 133136–A while exhibit 2 relates to the shipment covered by No. 133137–A. The affiant in both affidavits is Mr. John De Witte, who is a partner in the company which manufactured the merchandise. The portion of exhibit 1 which relates to the merchandise appraised on the basis of United States value in appeal No. 133136–A reads as follows:

\* \* \* that the merchandise described by the following qualities to wit Dreamlan 41″ Jacquard, Puritan 56″ Jacquard and 41″ Jacquard, Waterloo 41″ Jacquard, Plymouth 41″ Jacquard, Sheffield 41″ Jacquard, Florence 41″ Jacquard, Restal Knight 55¼″ plain, are made exclusively for export to the United States and that these particular qualities and width have no market whatsoever in Belgium or for export to countries other than the United States; that although no sales to the United States have been made to others than Golding Bros. Co. Inc., nevertheless we were prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade, the identical descriptive qualities at the prices at which the same were sold and invoiced to Golding Bros. & Co., of New York.

A similar statement is made in exhibit 2 relative to the qualities which were appraised on the basis of United States value in appeal No. 133137–A.

The defendant introduced exhibit 3 which is a report of Treasury Representative Charles Schlager who states that he visited the factory

of the manufacturing concern on July 18, 1938, and interviewed the commercial director and obtained information which was verified from the books and records of the firm. The following statement is made in his report in reference to foreign and export values of the merchandise:

### EXPORT VALUE

This mattress ticking is sold exclusively to Golding Bros. and not offered to any other customers in the United States.

The last order or contract placed by Golding Bros. was of October 1937, at which time 500,000 meters were ordered. Merchandise is still being shipped on that contract.

### FOREIGN VALUE

The same quality of mattress ticking as sold to Golding Bros. is not acceptable to the home market trade.

Counsel for the appellant argues that the trial court erred in admitting exhibit 3 in evidence because of a statement therein to the effect that the Treasury representative was requested to obtain evidence regarding the value of the mattress tickings "from January 1, 1938" and that one of the shipments herein was prior to that date. Inasmuch as the Treasury representative went further than requested and obtained information relating to contracts as far back as October 1937, which is the date of the contract with Golding Brothers & Co., we are of opinion that the evidence in the report is admissible. Furthermore, one of the invoices was certified after January 1, 1938, and the other was certified on December 29, 1937, which is but three days prior thereto.

Section 402 of the Tariff Act of 1930 provides that the value of imported merchandise shall be the foreign or the export value, whichever is higher, but, in case the appraiser determines that neither a foreign nor an export value can be satisfactorily ascertained, the United States value shall be used as a basis for appraisement. In the instant case the merchandise herein involved was appraised on the basis of United States value as defined in section 402 (e) and it must be assumed that the appraiser was unable satisfactorily to ascertain a foreign or an export value for the goods.

Counsel for the appellant contends that the court should find an export value for the particular qualities herein involved upon the evidence in exhibits 1 and 2 to the effect that the manufacturer was prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade the identical qualities at the prices at which the same were sold and invoiced to Golding Bros. & Co. It is admitted that Golding Bros. & Co. was the only purchaser of these qualities.

Counsel for the appellee argues that inasmuch as the manufacturer kept silent and never offered to sell the goods to any one besides Golding Bros. & Co. the goods have no export value because there is

no showing that they were freely offered for sale for export to the United States, which is one of the essential elements necessary to establish export value.

It is admitted by the appellant that the values found by the appraiser are the United States values of the merchandise. The sole controversy between the parties is whether the expression in exhibits 1 and 2 to the effect that the manufacturer was "prepared and willing to sell * * * the identical qualities at the prices at which the same were sold and invoiced to Golding Bros. & Co." is sufficient to establish that the merchandise was freely offered for sale by the manufacturer for export to the United States at those prices.

In the case of *United States* v. *Oceanic Trading Co.*, Reap. Dec. 3233, Judge Sullivan, who wrote the prevailing opinion for Division One of this court, in construing a similar statement in an affidavit, said:

I do not place much faith in the clause saying the "Italian corporation was willing to sell." What the corporation was willing to do is not a compliance with the statute.

Substantially the same conclusion was reached by the trial court in the instant case in stating:

The mere statement of plaintiff's witness that the exporter of the instant merchandise was prepared and willing to sell identical merchandise to others for exportation to the United States is not sufficient, in my judgment, to warrant a definite finding of the existence of an export value within the statutory definition of such value as set forth in section 402 (d) of the Tariff Act of 1930.
* * * * * * *
In my opinion, the broadest interpretation that can be accorded the above-quoted testimony of plaintiff's witness is that sales for export of identical cotton mattress tickings to others than the plaintiff herein would have been made if requests for such merchandise had been received from other prospective purchasers in the United States. In other words, said witness presents evidence of a hypothetical market, or what the exporting firm would have done if confronted by conditions not shown to have existed. Certainly such evidence can have no probative value in determining proper dutiable value of imported merchandise.

We are of opinion that the trial court made no error in weighing the evidence offered by the plaintiff in this case and the fact that the Treasury representative reported in exhibit 3 that the mattress ticking was not offered to other customers in the United States brings the issue within the rule adopted in *United States* v. *D. J. Powers (for Franklin Co.) and Geo. Wm. Rueff*, 16 Ct. Cust. Appls. 185, T. D. 42811, cited in the decision below.

As to the merchandise which was appraised on the basis of United States value, we find the same facts that are set out in the decision of the trial court, namely:

(1) That the merchandise in question consists of certain cotton mattress tickings, imported from Belgium, of the qualities set forth in schedules A and B in the decision below.

(2) There was no foreign or export value for such or similar merchandise at the time of exportation of the cotton mattress ticking in question.

(3) That the proper basis for appraisement of the instant merchandise is United States value.

(4) That the proper dutiable United States values for the merchandise in question are the appraised values.

We hold as a matter of law that the correct dutiable values of said cotton mattress tickings are the appraised values. The judgment below is affirmed.