WM. A. FOSTER & CO., INC. *v.* UNITED STATES

**No. 6193.**—Invoice dated Salford, England, January 30, 1936.
 Certified January 30, 1936.
 Entered at New York, N. Y., February 14, 1936.
 Entry No. 800509.

(Decided July 11, 1945)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal brings for determination the valuation of certain gage glasses exported from England on January 31, 1936.

The appraiser found values in excess of the entered values and reported his findings to be on the basis of foreign value, section 402 (c), Tariff Act of 1930.

The invoice herein contains the following statement: "Today's home market value is the same as invoice price for similar quantities."

Plaintiff's only evidence, other than the official papers, consists of an affidavit of Philip Child, managing director of the manufacturer (exhibit 1), who states that his firm manufactures and sells gage glasses both for home consumption and for exportation to foreign countries including the United States; that "the prices and discounts

appearing on said invoice to L. Solomon & Son, Inc., of New York City, consist of gauge glasses of the size and quantity specified above and represent the true market value of said gauge glasses in Great Britain at the time of shipment and that the Palatine Glass Co., Ltd., were prepared and willing to sell in the same quantities such gauge glasses at the prices and discounts to L. Solomon & Son, Inc.," and that "our selling prices and discounts to all purchasers both for home consumption and for export are the same in similar quantities as supplied to L. Solomon & Son, Inc., and that we are at present supplying similar goods at similar price to a purchaser for home consumption."

This merchandise was exported from England prior to the effective date of the Customs Administrative Act of 1938, amending the definition of foreign value, and therefore sales for exportation to countries other than the United States must be considered in determining foreign value. (*United States* v. *Livingston & Southard, Inc.*, 23 C. C. P. A. 214, T. D. 48060.)

The unsupported statement of the affiant that the invoice prices represent the "true market value of said gauge glasses in Great Britain" is a conclusion to which no evidentiary value attaches.

The further statement of the affiant that the manufacturers "were prepared and willing to sell" falls far short of establishing the freely offered prices for this merchandise either for home consumption or for exportation to countries other than the United States. (*Golding Bros. Co., Inc.* v. *United States*, 6 Cust. Ct. 877, Reap. Dec. 5196.)

A Treasury representative's report (exhibit 2), introduced by the defendant after its motion to dismiss was taken under advisement, being the only other evidence contained in this record, is of no assistance to the plaintiff in proving a *prima facie* case.

Defendant's motion to dismiss this appeal for reappraisement on the ground that the plaintiff has failed to make out a *prima facie* case is therefore granted.

Judgment will be rendered accordingly.