(Reap. Dec. 10598)

DELMONICO INTERNATIONAL CORP. *v.* UNITED STATES

Entry No. 903432.

(Decided October 9, 1963)

*Barnes, Richardson & Colburn* (*Norman C. Schwartz* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

FORD, Judge: This appeal covers certain table radios, exported from Germany. They were appraised on the basis of export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, since said merchandise is not identified on the final list published by the Secretary of the Treasury, T.D. 54521.

The importer herein does not by this appeal contest the basis of appraisement, but claims certain deductions from the appraised value, representing freight and charges, should have been allowed in order to arrive at a correct export value for the imported radios.

This case was submitted upon documentary evidence, consisting of an affidavit of the coowner of the German manufacturer, received in evidence as plaintiff's exhibit 1, and a report of a Treasury representative, received in evidence as defendant's exhibit A.

The affidavit, plaintiff's exhibit 1, so far as is pertinent herein, provides as follows:

2. That my company presently offers its merchandise for sale, and has always offered its merchandise for sale in the past, on any basis desired by the purchaser, including ex-factory. If the purchaser desires to purchase on an ex-factory basis the price is predicated upon delivery of the merchandise packed and ready for shipment, to the purchaser's carrier at the factory, with the purchaser bearing all cost, risk and responsability [*sic*] for transporting the merchandise. Naturally, if the purchaser desired to buy on a f.o.b. seaport basis, our price would include an amount for delivery of the merchandise to the seaport, and loading on board the vessel, and risk and title would not pass until the merchandise has been placed on the vessel.

3. The merchandise which my company sold to Delmonico International Corp. during six years was purchased by them on a f.o.b. seaport basis, and accordingly our price included costs attributable to freight to the seaport and loading the merchandise on board the vessel, such costs being as stated on invoices prepared by us for the use of the United States Customs. However, Delmonico International Corp. could have purchased from us at all times on an ex-factory basis at a price correspondingly reduced by the amount of the inland freight and f.o.b. charges.

Defendant's exhibit A reports that the merchandise imported into the United States was made to the specifications of the importer, who had exclusive United States rights since 1957 for all articles manufactured by the exporter; that terms were arrived at by bargaining, and no pricelists were published for merchandise exported to the United States; that the terms of sale are f.o.b. German port, packing included; that the principal market was at the factory. Defendant's exhibit A contained a number of pamphlets giving specifications and

operating instructions, some in German and some pamphlets in English, for various pieces of merchandise manufactured by the exporter.

As indicated, *supra*, this case arises under the provisions of section 402, as amended by the Customs Simplification Act of 1956. By definition set forth in section 402(f) of said act, as amended, *supra*, sales to one or more selected purchasers is not a restriction as it was under the law prior to the 1956 amendment, which would prevent the application of export value to the involved merchandise. Accordingly, and since both parties agree that export value is the proper basis, the question as to whether the merchandise could be purchased at the factory at an ex-factory price, not including inland freight, is thus presented.

Plaintiff contends that the evidence establishes that the merchandise was sold at f.o.b. prices only for convenience and that the exporter would have sold ex-factory, if requested. Unsubstantiated statements of this nature have little or no evidentiary value. In *Transatlantic Shipping Co., Inc., et al.* v. *United States*, 28 CCPA 19, C.A.D. 118, the court made the following remarks:

* * * The statement made in the affidavit dated November 23, 1937, that the manufacturer is willing to sell to anyone at the same price charged to the Absorbo Beer Pad Co., Inc., is no proof of market value or price at the time of exportation of the merchandise, as required by the statute.

While the question in the *Transatlantic* case, *supra*, was a question of the offering at a price, the same rationale would apply to the situation involved herein. Hence, there is no adequate showing that the involved radios could be purchased at the factory at a price which did not include the inland freight charges. This test, as set forth in *United States* v. *Paul A. Straub & Co., Inc.*, 41 CCPA 209, C.A.D. 553, and followed in *Albert Mottola* v. *United States*, 46 CCPA 17, C.A.D. 689, although involving the interpretation of section 402 prior to the 1956 amendment, *supra*, is still controlling. This type of affidavit, standing uncorroborated, is insufficient to establish either sales or offers at an ex-factory price.

Under the law, as amended, *supra*, and in view of the record herein, the only value I am able to find is based on the actual sales to the importer herein which include inland freight.

On the basis of the present record and for the reasons hereinabove set forth, I find as matter of fact that—

1. The merchandise involved consists of table radios, exported from Germany.

2. The merchandise was entered for consumption after the effective date of the Customs Simplification Act of 1956 and is not contained

on the final list published by the Secretary of the Treasury, T.D. 54521.

3. Plaintiff herein had exclusive rights for the sale in United States of merchandise manufactured by the exporter.

4. The merchandise was appraised under export value, section 402(b) of the Tariff Act of 1930, as amended, including inland freight charges.

5. All sales to the United States were on an f.o.b. basis.

6. Plaintiff failed to establish sales or, in the absence of sales, offers for sale at ex-factory price.

The court, therefore, concludes that—

1. The statutory presumption of correctness attaching to the appraiser's return of value for the merchandise covered by this appeal to reappraisement has not been overcome.

2. The proper basis for appraisement of the merchandise involved herein is the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, and that such statutory value is as found by the appraiser.

Judgment will be rendered accordingly.